IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SWON,

    Petitioner,             No. 2:11-cv-0218 KJN P

   vs.

JERRY BROWN,

    Respondent.        ORDER
_____/

       Petitioner, a state prisoner proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 2, 2011, petitioner paid the filing fee.

       In 1978, petitioner pled guilty to a charge of kidnap for ransom with a sentence of seven years to life   (Dkt. No. 1 at 2.) Petitioner has served 32 years in state prison, the last 24 of which he alleges he has been a model prisoner, with positive psychiatric evaluations. (Dkt. No. 1 at 6.)

       The court has determined that the petition must be dismissed with leave to amend.

       First, "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition," Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994), and the court is required to consider sua sponte whether the named respondents have the power to provide the relief sought in a habeas corpus action. See Smith v.

1

1  Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004) ("*Stanley* [uses] the term 'personal jurisdiction' in
2  reference to the technical custodian requirement of [28 U.S.C.] § 2242 and the Rules Governing
3  Section 2254 Cases."). Here, petitioner has named Jerry Brown as the respondent in this action.
4  This is not the proper respondent in this action. Instead, petitioner must name as respondent the
5  warden of the prison where he is incarcerated. Accordingly, the instant petition must be
6  dismissed with leave to amend. See Stanley, 21 F.3d at 360 (petition must be dismissed for lack
7  of jurisdiction unless petitioner can timely amend to name the proper party as respondent).
8        Second, petitioner has failed to adequately specify the grounds for relief in his
9  petition. See Rule 2(c), Rules Governing § 2254 Cases. Petitioner asks why he can't be paroled,
10 but fails to identify how the denial of parole has allegedly violated his constitutional rights. (Dkt.
11 No. 1 at 8.)
12       The United States Supreme Court has confirmed that California's parole statutes
13 give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v.
14 Cooke, 562 U.S. ___ (2011), 2011 WL 197627, at *2 (Jan. 24, 2011). In California, a prisoner is
15 entitled to release on parole unless there is "some evidence" of his or her current dangerousness.
16 In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-
17 53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of
18 [theirs] supports converting California's 'some evidence' rule into a substantive federal
19 requirement." Swarthout, 2011 WL 197627, at *3. In other words, the Court specifically
20 rejected the notion that there can be a valid claim under the Fourteenth Amendment for
21 insufficiency of evidence presented at a parole proceeding. Id. at *3. Rather, the protection
22 afforded by the federal due process clause to California parole decisions consists solely of the
23 "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be
24 heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.
25       Therefore, so long as petitioner was present at the parole hearing, participated in
26 the hearing, and was provided with the reasons for the Board's decision to deny parole, his

federal due process rights were protected, and any due process challenge would be unavailing. If petitioner's federal due process rights were protected at the parole hearing, he may wish to pursue alleged constitutional violations other than a due process or "some evidence" challenge.

Finally, if petitioner chooses to amend the petition, he should provide a copy of the parole decision he is challenging, and use the form provided by the Clerk of Court.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend;

2. Within thirty days from the date of this order, petitioner shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Petition.

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

4. Petitioner is cautioned that failure to file an amended petition pursuant to this order may result in the dismissal of this action; and

5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: March 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

swon0218.114

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SWON,

      Petitioner,                      No. 2:11-cv-0218 KJN P

    vs.

JERRY BROWN,                          <u>NOTICE OF AMENDMENT</u>

      Respondent.

_____/

      Petitioner hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Petition

DATED:

                                            _____
                                            Petitioner